**2011-CC00569**

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **THADDEUS TEAHAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| **THE PNC FINANCIAL SERVICES GROUP, INC.,** | ) |
| Serve: Demchak William, President | ) |
| George Long, Secretary | ) |
| William Parsley, Treasurer | ) **JURY TRIAL DEMANDED** |
| The PNC Financial Services Group, Inc. | ) |
| The Tower at PNC Plaza | ) |
| 300 Fifth Avenue | ) |
| Pittsburgh, PA 15222-2401 | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN DOES 1 and 2,** | ) |
| | ) |
| Defendants. | ) |

### PETITION

**COMES NOW** Plaintiff Thaddeus Teahan, by and through his undersigned attorneys, and for his Petition against Defendants The PNC Financial Services Group, Inc., John Doe 1 and John Doe 2, states as follows:

### PARTIES, JURISDICTION AND VENUE

**1.**     Plaintiff is a resident of St. Louis County, Missouri and venue is proper in this Court under MO. REV. STAT. § 508.010.

**2.**     Defendant The PNC Financial Services Group, Inc. ("PNC Financial"), is a corporation organized and existing under the laws of the state of Pennsylvania, with its principal place of business in Pittsburg, Pennsylvania.

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**3.** This Court has personal jurisdiction over Defendant PNC Financial pursuant to Missouri's long arm statute, MO. REV. STAT. § 506.500. PNC Bank transacts business within Missouri and/or committed a tort within Missouri, avails itself of business opportunities in Missouri, advertises the availability of products, services and information within Missouri, ships products into Missouri, and receives money from businesses and individuals within Missouri. Specifically, PNC Financial committed a tort within Missouri as described herein and/or provided products and/or performed services in the State of Missouri in conjunction with the Account Agreement it drafted and that was provided to Plaintiff when he opened a personal bank account at PNC Bank.

**4.** Plaintiff sent its prejudgment interest demand letter via Certified Mail-Return Receipt Requested to Defendant PNC Financial on February 18, 2020, in compliance with Mo. Rev. Stat. §408.040.

**5.** John Does 1 and 2, whose identities are currently unknown, were employees at the PNC Bank Cottleville Branch. Upon information and belief, John Does 1 and 2 are residents of St. Charles County, Missouri.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**6.** On February 27, 2017, Plaintiff opened a personal, private and confidential bank account at Defendant PNC ("Private Account") with a customer address of ███████████████████████.

**7.** At the time he opened his Private Account, Plaintiff was provided an "Account Agreement for Personal Checking, Savings and Money Market Accounts" (the "Account Agreement"), which, was prepared and provided by

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

Defendant PNC Financial in order to define the relationship between Plaintiff and PNC Bank.

**8.** The Account Agreement contains provisions regarding what PNC Financial and other PNC affiliates can, and will, do with customer's personal information and account information.

**9.** At all relevant times, Plaintiff was in the process of divorcing his wife, Shell Teahan. Shell Teahan had a separate personal bank account with PNC Bank and a separate business account with PNC Bank for a company she owns called Trinity Contracting & Construction, LLC ("Trinity"). Shell Teahan has never been an account holder or listed on Plaintiff's Private Account.

**10.** Two days after opening the Private Account, Plaintiff received information that Shell Teahan had received banking information at her mailing address regarding Plaintiff's Private Account.

**11.** Plaintiff then notified PNC Bank in person at its Cottleville Branch of the improper mailing and disclosure of Private Account information to Shell Teahan. PNC Bank confirmed the improper mailing and informed Plaintiff it would not happen again.

**12.** Despite such assurance, PNC Bank later made multiple disclosures of his Private Account information, including account balances, to Shell Teahan, in violation of PNC Financial's own policies and procedures and in violation of the Account Agreement.

## COUNT I
## NEGLIGENCE-(DEFENDANT PNC FINANCIAL)

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**13.**   Plaintiff incorporates by reference all paragraphs set forth in his Factual Allegations above.

**14.**   PNC Financial, by and through its agents, officers, and/or employees, was responsible for and oversaw the drafting, preparing, issuing, implementing, enforcing and advising as to the procedures and guidelines to be followed by PNC Bank branches, including those contained in the Account Agreement provided to Plaintiff when he opened the Private Account at PNC Bank.

**15.**   PNC Financial, by and through its agents, officers, and/or employees, had and undertook a duty to assure that proper policies and procedures were in place at the PNC Bank branches, including the protection of customer's private, confidential and personal account information.

**16.**   PNC Financial, by and through its agents, officers, and/or employees, had and undertook a duty to assure that proper policies and procedures were being followed and implemented at the PNC Bank branches, including proper policies and procedures for the protection of customer's private, confidential and personal account information.

**17.**   PNC Financial, by and through its agents, officers, and/or employees, was negligent, grossly negligent and/or reckless and breached its duty of care in the following manners:

> **a.**   PNC Financial failed to assure that proper policies, procedures, training and guidelines were in place at PNC Bank's Cottleville Branch to protect Plaintiff's private information from third-parties;

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

    **b.**    PNC Financial failed to assure that proper policies, procedures, training and guidelines were being followed at PNC Bank's Cottleville Branch to protect Plaintiff's private information from third-parties;

    **c.**    PNC Financial failed to advise regarding proper policies, procedures, training and guidelines including the protection of Plaintiff's private information from third-parties; and

    **d.**    PNC Financial failed to protect Plaintiff's private information from third-parties.

**18.**    As a direct and proximate result of the negligent, grossly negligent, and/or reckless acts and behavior of PNC Financial, Plaintiff sustained serious damages.

**19.**    Defendant PNC's conduct in this regard was willful, wanton, malicious and so reckless as to show complete indifference to, or conscious disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against PNC Financial.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendant The PNC Financial Services Group, Inc. in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

**COUNT II**
**FRAUDULENT MISREPRESENTATION- (DEFENDANT PNC FINANCIAL)**

**20**    Plaintiff incorporates by reference all paragraphs set forth in its Factual Allegations above.

**21.**    PNC Financial made representations of material fact to Plaintiff in its Account Agreement regarding Plaintiff's Private Account, including the non-

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

disclosure of private information to others and protection of such information to avoid disclosure.

**22.**   PNC Financial's representations were false.

**23.**   PNC Financial knew or believed its representations to be false.

**24.**   PNC Financial made the representations with the intent to induce Plaintiff to act.

**25.**   Plaintiff took action based on his justifiable reliance on the truth of the representations made by PNC Financial.

**26.**   Had PNC Financial disclosed the truth to Plaintiff, Plaintiff would not have acted and opened the Private Account with PNC Bank, or proceeded with certain actions related to his Private Account and his divorce proceedings.

**27.**   As a direct and proximate result of Plaintiff's reliance on PNC Financial's statements, Plaintiff has suffered serious damages.

**28.**   PNC Financial's conduct in this regard was willful, wanton, malicious and so reckless as to show complete indifference to, or conscious disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against PNC Financial.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendant The PNC Financial Services Group, Inc. in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

### COUNT III
### NEGLIGENT MISREPRESENTATION-(DEFENDANT PNC FINANCIAL)

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**29.**    Plaintiff incorporates by reference all paragraphs set forth in its Factual Allegations above.

**30.**    PNC Financial made representations of material fact to Plaintiff in its Account Agreement regarding Plaintiff's Private Account, including the non-disclosure of private information to others and protection of such information to avoid disclosure.

**31.**    PNC Financial's representations were false.

**32.**    PNC Financial owed a duty to Plaintiff to communicate accurate information.

**33.**    PNC Financial was careless and/or negligent in ascertaining the truth of the representations before making them.

**34.**    PNC Financial made the representations with the intent to induce Plaintiff to act.

**35.**    Plaintiff took action based on his justifiable reliance on the truth of the representations made by PNC Financial.

**36.**    Had PNC Financial disclosed the truth to Plaintiff, Plaintiff would not have acted and opened a Private Account with PNC Bank, or proceeded with certain actions related to his Private Account and his divorce proceedings.

**37.**    As a direct and proximate result of Plaintiff's reliance on PNC Financial's statements, Plaintiff has suffered serious damages.

**38.**    PNC Financial's conduct in this regard was willful, wanton, malicious and so reckless as to show complete indifference to, or conscious

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against PNC Financial.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendant The PNC Financial Services Group, Inc. in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE-(DEFENDANTS JOHN DOE 1 AND 2)

**39.** Plaintiff incorporates by reference all paragraphs set forth in its Factual Allegations above.

**40.** Defendants John Doe 1 and 2 owed a duty to Plaintiff, including, but not limited to, a fiduciary duty.

**41.** Defendants John Doe 1 and 2, were negligent, grossly negligent and/or reckless and breached their duty of care in the following manners:

**a.** Defendants John Doe 1 and 2 failed to assure that proper policies and procedures were in place to protect Plaintiff's private information from third-parties;

**b.** Defendants John Doe 1 and 2 failed to protect Plaintiff's private information from third-parties; and

**c.** Defendants John Doe 1 and 2 disclosed Plaintiff's private information to third-parties.

**42.** As a direct and proximate result of the negligent, grossly negligent, and/or reckless acts and behavior of Defendants John Doe 1 and 2, Plaintiff sustained serious damages.

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**43.**     Defendants John Doe 1 and 2's conduct in this regard was willful, wanton, malicious and so reckless as to show complete indifference to, or conscious disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against Defendants John Doe 1 and 2.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendants John Doe 1 and 2  in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

**COUNT V**

**FRAUDULENT MISREPRESENTATION- (DEFENDANTS JOHN DOE 1 AND 2)**

**44.**     Plaintiff incorporates by reference all paragraphs set forth in its Factual Allegations above.

**45.**     Defendants John Doe 1 and 2 made representations of material fact to Plaintiff regarding his Private Account, including the non-disclosure of private information to others and protection of such information to avoid disclosure.

**46.**     Defendants John Doe 1 and 2's representations were false.

**47.**     Defendants John Doe 1 and 2 knew or believed their representations to be false.

**48.**     Defendants John Doe 1 and 2 made the representations with the intent to induce Plaintiff to act.

**49.**     Plaintiff took action based on his justifiable reliance on the truth of the representations made by Defendants John Doe 1 and 2.

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**50.**     Had Defendants John Doe 1 and 2 disclosed the truth to Plaintiff, Plaintiff would not have acted and opened the Private Account with Defendant PNC, or proceeded with certain actions related to his Private Account and his divorce proceedings.

**51.**     As a direct and proximate result of Plaintiff's reliance on Defendants John Doe 1 and 2 statements, Plaintiff has suffered serious damages.

**52.**     Defendants John Doe 1 and 2's conduct in this regard was willful, wanton, malicious and so reckless as to show complete indifference to, or conscious disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against Defendants John Doe 1 and 2.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendants John Doe 1 and 2  in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT VI
## NEGLIGENT MISREPRESENTATION-(DEFENDANTS JOHN DOE 1 AND 2)

**53.**     Plaintiff incorporates by reference all paragraphs set forth in its Factual Allegations above.

**54.**     Defendants John Doe 1 and 2  made representations of material fact to Plaintiff regarding his Private Account, including the non-disclosure of private information to others and protection of such information to avoid disclosure.

**55.**     Defendants John Doe 1 and 2's representations were false.

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**56.**   Defendants John Doe 1 and 2 owed a duty to Plaintiff to communicate accurate information.

**57.**   Defendants John Doe 1 and 2 were careless and/or negligent in ascertaining the truth of the representations before making them.

**58.**   Defendants John Doe 1 and 2 made the representations with the intent to induce Plaintiff to act.

**59.**   Plaintiff took action based on his justifiable reliance on the truth of the representations made by Defendants John Doe 1 and 2.

**60.**   Had Defendants John Doe 1 and 2 disclosed the truth to Plaintiff, Plaintiff would not have acted and opened a Private Account with Defendant PNC, or proceeded with certain actions related to his Private Account and his divorce proceedings.

**61.**   As a direct and proximate result of Plaintiff's reliance on Defendants John Doe 1 and 2's statements, Plaintiff has suffered serious damages.

**62.**   Defendants John Doe 1 and 2's conduct in this regard were willful, wanton, malicious and so reckless as to show complete indifference to, or conscious disregard, for the rights of Plaintiff and others, which justifies an award of punitive damages against Defendants John Doe 1 and 2.

**WHEREFORE** Plaintiff Thaddeus Teahan prays for judgment against Defendants John Doe 1 and 2  in an amount in excess of $25,000, including punitive damages, attorneys' fees, costs, prejudgment interest and post judgment interest, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Charles Circuit Div - June 18, 2020 - 06:47 PM

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,


/s/ Corey L. Kraushaar
Corey L. Kraushaar #51792
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com

***Attorney for Plaintiff***

21299809



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL JAMES FAGRAS | Case Number:  2011-CC00569 |
| Plaintiff/Petitioner:<br>THADDEUS TEAHAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>COREY LEE KRAUSHAAR<br>BROWN & JAMES, P.C.<br>800 MARKET STREET, SUITE 1100<br>SAINT LOUIS, MO  63101-2501 |
| Defendant/Respondent:<br>THE PNC BANK FINANCIAL SERVICES<br>GROUP, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:**   THE PNC BANK FINANCIAL SERVICES GROUP, INC.<br>                                              **Alias:** | |

**DEMCHACK WILIAM
GEORGE LONG
WILLIAM PARSLEY
THE PNC FINANCIAL SERVICES GROUP, INC
THE TOWER AT PNC PLAZA
300 FIFTH AVENUE
PITTSBURGH, PA  15222**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____6/22/2020_____        _____/S/  Cheryl Crowder_____
                          Date                                                          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)

☐   delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐   other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____        _____
          Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐  the clerk of the court of which affiant is an officer.

☐  the judge of the court of which affiant is an officer.

☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐  authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                     Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

STATE OF MISSOURI                   )
                                              ) ss.
ST. CHARLES COUNTY, MISSOURI     )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation.  Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI              )
                                           ) ss.
ST. CHARLES COUNTY, MISSOURI    )

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                     Plaintiff(s),  )
                            )
vs.                         )         Cause #_____
                            )
_____ )
                    Defendant(s).  )

### CONSENT TO MEDIATION FORM

        I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

                                _____
                                Signature

                                _____
                                (Print Name)

                                Attorney for:

                                _____
                                (Party or Parties)

Date: _____

## <u>NOTICE TO ATTORNEYS AND LITIGANTS</u>

## <u>COURT PROCEDURES FOR IN-PERSON HEARINGS</u>

1. **YOU MUST BRING AND WEAR A MASK WHILE IN THE COURTHOUSE.**

2. You MUST be here and check in at the beginning of the hour you are assigned.

3. Only the Litigants and their Attorney are permitted in the Courthouse. No other family members are permitted in the Courthouse.

4. Only 2 persons may use an elevator at a time. The stairwells will be open for separate entry and exit with instructions.

5. A limited number of people are permitted in the courtroom at a time. If you are in the hallway waiting for your turn in court you MUST practice social distancing of 6 feet of separation.  Follow the instructions of the bailiff at all times.

6. You are only permitted to be on the same floor of the Courthouse as the Courtroom to which you are assigned.

7. You MUST have all paperwork filed with the Court prior to the start of your court time.

8. You MUST have all plea agreements worked out with the Prosecuting Attorney's office and all paperwork filed with the Court prior to your Court date. No plea bargaining in Court will be permitted.

9. **If you have ANY cold or flu-like symptoms, fever, dry cough or difficulty breathing, DO NOT come to the Courthouse. You should contact your Attorney and the Courts prior to your assigned court time, preferably 24 hours before your court date.  You will be given a new Court date.**